# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Earnest Rogers,<br><br>    Defendant | Case No.: 2:17-cr-124-JAD-EJY-1<br><br>**Order Denying Requests for Compassionate Release and Appointment of Counsel**<br><br>[ECF Nos. 487, 488] |

Rogers is less than a year into a 98-month sentence after pleading guilty to conspiracy to distribute opioids in violation of 42 U.S.C. § 846.[1] He is serving his sentence at FCI Lompoc and asks for release based on the COVID-19 pandemic and his medical conditions, and because he is the surviving parent of his minor child. But Rogers contracted COVID-19 before filing this motion, weathering the virus asymptomatically, and this court was well aware at sentencing that he had been a single parent for several years. So I do not find that there are extraordinary and compelling reasons to grant compassionate release, and I deny Rogers's motion.

## Discussion

**A.    Motion for Appointment of Counsel [ECF No. 488]**

Rogers moves for appointment of counsel to assist with his request for compassionate release.[2] The federal public defender's office reviewed his request and pro se filing and filed a notice of non-supplementation that explains it doesn't "believe that any supplement is necessary."[3] In light of the notice of non-supplementation, and because Rogers has clearly

---

[1] ECF Nos. 263 (plea agreement); 401 (judgment).

[2] ECF No. 488 (motion for appointment of counsel).

[3] ECF No. 489 at 1 (notice of non-supplementation).

articulated his position on his own, I find that appointment of counsel is not warranted, deny Rogers's request for counsel, and consider his pro-se filing as presented.

**B.      Motion for Compassionate Release [ECF No. 487]**

A sentencing court's ability to modify or reduce a sentence once imposed is seriously limited.[4] The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018,[5] is an exception to this limitation. It allows the sentencing judge to reduce a sentence based on "extraordinary and compelling reasons" after the defendant has failed to get the BOP to bring such a motion on his behalf.[6] The court may entertain an inmate's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) only (1) "after [he] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on his behalf or (2) after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[7]

Assuming without deciding that Rogers has exhausted the administrative process,[8] I deny his motion on its merits because he has not demonstrated that his compassionate release is warranted. Rogers's reasons for wanting release are neither extraordinary nor compelling. The premise of Rogers's request is two-fold. He argues that his medical conditions—diabetes, high blood pressure, and high cholesterol—put him at a higher risk of severe illness from COVID-

---

[4] *See United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (exploring Federal Rules of Criminal Procedure 35 and 36); 18 U.S.C. § 3582(c).

[5] The First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239 (Dec. 21, 2018).

[6] 18 U.S.C. § 3582(c)(1)(A)(i).

[7] *Id.*

[8] The government disputes that Rogers exhausted the administrative process before bringing this motion for compassionate release. ECF No. 490 at 6.

19.[9] But releasing Rogers wouldn't protect him from the virus—he has already contracted it.[10] And it appears that he weathered the infection despite his comorbidities and even remained asymptomatic.[11] So Rogers's argument that contracting the virus "may turn [his 98-month sentence] into a death sentence" has fortunately proven false.

Rogers also asks for relief based on family circumstances. He argues that his wife's death left him as the only surviving parent to his minor child, which is a compelling reason that warrants release under The First Step Act.[12] But Rogers's wife passed away three years before he was sentenced in this case, so this is not a new development, and his single-parent status was presented to the court at sentencing.[13] In sum, neither Rogers's medical conditions nor his child's custody arrangement constitute "extraordinary or compelling circumstance[s]" that warrant his release.

Even if I were to conclude that Rogers's situation could qualify as extraordinary or compelling circumstances, I would deny his motion based on the § 3553(a) factors. Rogers had few criminal history points because most of his convictions were old or traffic-related, and he

---

[9] ECF No. 487 at 1 at 2. The government contends that Rogers actually has Type 2 diabetes mellitus, which the CDC has determined put individuals at a higher risk for contracting COVID-19. *See* ECF No. 490 at 8; *see also People with Certain Medical Conditions: Diabetes*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#diabetes (last visited Aug. 6, 2020) (listing Type 2 diabetes mellitus as one of several conditions that make individuals "at increased risk of severe illness form COVID-19).

[10] ECF No. 487 at 1 (indicating that Rogers tested positive for COVID-19 and quarantined more than 14 days successfully).

[11] *Id.*

[12] *Id.* at 1–2. Rogers also claims that he filed a motion for compassionate release on this basis, but there is no such motion on this court's docket.

[13] *Id.* at 3. *See also* ECF No. 390 at 2 (defendant's sentencing memorandum) (noting that Rogers's wife and mother to his minor child passed away from breast cancer in 2016 and that Rogers was a single parent at the time the conduct in this case transpired).

had no prior felony convictions.[14]  But, as I explained at sentencing, his conduct in this case was egregious.  Rogers participated in numerous controlled buys and took responsibility for over 1,000 oxycodone pills.  He essentially admitted in his plea agreement that he was the broker for those sales, buying from co-conspirators and selling to others.  In that role, Rogers was involved at a higher degree than his codefendants.  And yet, I granted him a variance that cut ten months off his sentence.  The below-guidelines sentence he received was and remains sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes by this defendant.[15]  Rogers has served less than a year of his more-than-eight-year sentence, and a release at this time would create an unwarranted sentence disparity among defendants guilty of similar conduct[16] and among his codefendants who were considerably less involved in this drug ring.  So I find that Rogers is not entitled to a sentence reduction or release to home confinement.

## Conclusion

IT IS THEREFORE ORDERED that the defendant's Motion for Compassionate Release **[ECF No. 487] is DENIED**.

IT IS FURTHER ORDERED that the defendant's Motion for Appointment of Counsel **[ECF No. 488] is DENIED.**

Dated: August 10, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[14] Presentencing Report at 13–21.
[15] 18 U.S.C. § 3553(a)(2).
[16] *Id.* § 3553(a)(6).